UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SCOTT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LT MCCAY, et al.,<br><br>　　　　　Defendants. | Case No. 24-cv-01335-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a prisoner currently housed at Salinas Valley State Prison ("SVSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (ECF No. 1) is now before the Court for review pursuant to 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

//

//

//

     Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.**    **Complaint**

     The complaint names as defendants Salinas Valley State Prison ("SVSP") correctional officers lieutenant McCay and sergeant Dominguez. ECF No. 1 at 2. The complaint makes the following allegations. Plaintiff was deprived of his property when, on May 22, 2023, defendant McCay falsely wrote down that Plaintiff does not have hair clippers in his property, but Plaintiff clearly does and has the receipt to prove ownership of hair clippers. Plaintiff's legal mail was lost when, on May 31, 2023, defendant Dominguez falsely stated that he had mailed Plaintiff's legal mail to a Modesto address, yet that was not the address that Plaintiff had written on the legal mail. Plaintiff also alleges that when he filed a grievance, the CDCR Office of Appeals in Sacramento exhausted his grievance, but then reopened it with a different log number. Plaintiff requests a million dollars to reimburse him for the lost legal mail and replacement for the legal mail, for his property and the replacement for his property, and for the time lost due to not having his legal work. *See generally* ECF No. 1.

     The complaint will be dismissed with leave to amend for the following reasons.

     First, the complaint violates the joinder rule set forth in Fed. R. Civ. P. 20(a)(2). Rule 20(a)(2) provides that all persons "may be joined in one action as defendants if: (A) any right to

relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The claim against defendant McCay arises out of a separate occurrence as the claim against defendant Dominguez. In this action, Plaintiff may only pursue relief for acts that arise out of the same transaction, occurrence, or series of transactions or occurrences, and share a common question of law or fact. To seek relief for claims arising out of other incidents or raising different questions of law, Plaintiff must bring separate actions. Plaintiff therefore must sue defendant McCay and defendant Dominguez in separate actions.

Second, the complaint does not allege a violation of the federal Constitution or federal statutes, as is required to bring an action under 42 U.S.C. § 1983.

Third, generally speaking, in California, neither the negligent nor intentional deprivation of property states a due process claim under 42 U.S.C. § 1983 if the deprivation was random and unauthorized, as appears to be the case here. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (no due process violation where state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (no due process violation where state employee intentionally deprived inmate of property provided that adequate state post-deprivation remedies are available); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (California law provides adequate post-deprivation remedy, citing Cal. Gov't Code §§ 810-895).

Fourth, the allegations against defendant Dominguez fail to state a First Amendment claim for denial of access to the courts because Plaintiff has not alleged an actual injury. To state a claim for any violation of the right of access to the courts, the prisoner must allege that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 350-55 (1996). To allege an actual injury, the prisoner must allege that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim

3

concerning his conviction or conditions of confinement. *See id.* at 354-55. With respect to a claim regarding active interference by prison officials, a prisoner alleges an actual injury if, as a result of the defendants' alleged actions, his pending suit was dismissed. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1103-04 (9th Cir. 2011), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). Actual injury is a jurisdictional requirement that flows from the standing doctrine and may not be waived. *Nev. Dep't of Corrections v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis*, 518 U.S. at 349). It is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348. Here, Plaintiff has not identified any actual injury caused by the loss of his legal mail.

The Court GRANTS Plaintiff leave to file an amended complaint to correct the above deficiencies. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by allegation of other facts). Plaintiff is reminded that, in the amended complaint, he may only pursue relief for acts that arise out of the same transaction, occurrence, or series of transactions or occurrences, and share a common question of law or fact. In the amended complaint, Plaintiff should briefly describe each wrongful act, including when it occurred, what happened (or did not happen), and which defendant was involved; and should identify what federal law or federal constitutional provision the action or inaction violated.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. 24-01335 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present

and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.  The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:     6/17/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge