UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SCOTT,<br><br>   Plaintiff,<br><br> v.<br><br>LT MCCAY, et al.,<br><br>   Defendants. | Case No. 24-cv-01335-HSG<br><br>**ORDER SCREENING AMENDED COMPLAINT; GRANTING LEAVE TO AMEND; DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 12 |

   Plaintiff, a prisoner currently housed at Salinas Valley State Prison ("SVSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His amended complaint (Dkt. No. 11) is now before the Court for review pursuant to 28 U.S.C. § 1915A. This order also addresses Plaintiff's request for appointment of counsel. Dkt. No. 12.

## DISCUSSION

### A. Standard of Review

   A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

   Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Procedural History**

The initial complaint named as defendants Salinas Valley State Prison ("SVSP") correctional officers lieutenant McCay and sergeant Dominguez, and alleged that defendant McCay deprived Plaintiff of his hair clippers; and that defendant Dominguez falsely stated that he had mailed Plaintiff's legal mail. *See generally* Dkt. No. 1. The Court dismissed the complaint with leave to amend because the complaint violated the joinder rule set forth in Fed. R. Civ. P. 20(a)(2); because the complaint did not allege a violation of the federal Constitution or federal statutes; because the allegation that defendant McCay deprived Plaintiff of his property in an unauthorized manner does not state a federal due process claim; and because Plaintiff had not alleged actual injury caused by the failure to mail Plaintiff's legal mail. *See generally* Dkt. No. 9.

**C.      Amended Complaint**

The amended complaint again names as defendants Salinas Valley State Prison ("SVSP") correctional officers lieutenant McCay and sergeant Dominguez. Dkt. No. 11 at 1. The amended complaint makes the following allegations. On January 20, 2023, Plaintiff was involved in a dispute that resulted in a "disruptive inmate alarm" being pressed. Plaintiff was taken to the cages in B-Yard gym. In the middle of a conversation with defendant Dominguez, defendant Dominguez asked why Plaintiff was not naked. This statement made Plaintiff very uncomfortable. Defendant Dominguez ordered Plaintiff to strip. Plaintiff felt uncomfortable and exercised his Prison Rape Elimination Act right and refused the order. Defendant Dominguez became angry and stated, "Just rip his clothes off." Plaintiff told defendant Dominguez to call a lieutenant

because Plaintiff felt like defendant Dominguez was a homosexual and trying to "sex play" Plaintiff.  Defendant Dominguez became enraged due to the other correctional officials laughing at him, and retaliated against Plaintiff by losing or destroying Plaintiff's outgoing legal mail and by entering false and misleading information into the record to hinder Plaintiff's due process right.  Specifically, later that day, when Plaintiff came to collect his legal CDs, defendant Dominguez told Plaintiff that he could not have his legal CDs and must send them back.  Defendant Dominguez ordered Officer A. Garcia to print out Release of Property forms and 193 D.L. Forms.  Plaintiff began signing the forms.  Defendant Dominguez ripped the forms out of Plaintiff's hands and said, "Wrong, do it over!"  Defendant Dominguez did this three or four times in a row.  Plaintiff asked defendant Dominguez why he was doing this, and defendant Dominguez answered, "That's what homosexuals do!  We want things to be right so they won't get misplaced or come up missing."  After the fourth time, Plaintiff listed his lawyer's address.  Plaintiff observed his CDS being packed and placed in the box in the corner.

On May 23, 2023, defendant McCay entered into a conspiracy with defendant Dominguez to further defendant Dominguez's retaliatory actions and to hinder or violate Plaintiff's due process rights.  Defendant McCay engaged in the conspiracy as follows.  Defendant McCay was responsible for interviewing Plaintiff regarding two separate grievances, one regarding a missing hotpot and clippers and one regarding the missing legal mail.  Defendant McCay falsely stated that she had thoroughly reviewed the allegations in the grievances.  Plaintiff knew the statement to be false because defendant McCay stated that Plaintiff had never ordered the hotpot and clippers, despite Plaintiff having receipts from Walkenhorst for these items; and because defendant McCay stated that she checked with Accounting regarding Plaintiff's lost legal mail, but the D.L. form she provided was dated March 2023 whereas Plaintiff signed the form in January 2023, Plaintiff's legal CDs never weighed 12 pounds, and "there is the point of why was [Plaintiff's] legal mail held for (2) months before being sent out when it was checked by I.C.C. coming in and was packed right front of I.C.C."  Plaintiff further states that he was recently denied in the Supreme Court and only has one year to file his appeal in federal court, yet is unable to do so because he cannot review or access the important interviews due to Defendants' retaliatory actions.  Plaintiff

1  further alleges that he has been having severe mental health breakdowns, has lost weight, is not
2  eating and not sleeping, is experiencing high stress and depression.  Plaintiff alleges that he has
3  filed a tort claim but has not heard back from the lower courts, indicating that the jail has been
4  playing with his mail, either by not timely giving him his mail, sending back his mail, or just
5  throwing his mail in the trash.  *See generally* Dkt. No. 11.  In an attachment to the amended
6  complaint, Plaintiff's appellate attorney states that he sent Plaintiff two boxes of discovery,
7  containing 2,100 pages of police reports and other documents, plus numerous CDs containing
8  witness interviews and other information, and that the prison refused to accept the CDs because
9  Plaintiff has no way of viewing the CDs in the prison.  ECF No. 11 at 10.

### D.  Screening Amended Complaint

As explained below, the amended complaint fails to state a cognizable legal claim.

First, the complaint fails to state a First Amendment retaliation claim.  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  In other words, the First Amendment prohibits correctional officials from retaliating against inmates for conduct protected by the First Amendment.  Here, Plaintiff alleges that defendant Dominguez retaliated against him because he refused to strip and other correctional officials were laughing at defendant Dominguez.  This allegation fails to state a First Amendment retaliation claim because Plaintiff's refusal to strip is not protected conduct within the meaning of the First Amendment.  The First Amendment retaliation claim is DISMISSED with prejudice because amendment would be futile. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (futility of amendment is basis for denial of leave to amend).

Second, the amended complaint fails to state a due process claim against defendant McCay.  Defendant McCay's involvement in the relevant events arose from her review of Plaintiff's grievances.  A prison official's denial of an inmate's grievance generally does not

4

constitute significant participation in an alleged constitutional violation sufficient to give rise to personal liability under Section 1983. *See, e.g., Wilson v. Woodford*, No. 1:05–cv–00560–OWW–SMS, 2009 WL 839921, at *6 (E.D. Cal. Mar. 30, 2009) (ruling against prisoner on administrative complaint does not cause or contribute to constitutional violation). A prisoner has no constitutional right to an effective grievance or appeal procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner has no constitutional right to effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."). The dismissal of claims related to the processing of Plaintiff's grievances is without leave to amend because amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by the allegation of other facts).

Third, the amended complaint fails to state a conspiracy claim, because, as discussed above, the amended complaint does not state a cognizable First Amendment retaliation claim and because defendant McCay's alleged actions in reviewing Plaintiff's grievances do not give rise to any constitutional violation. In addition, the conspiracy allegations are conclusory. A conspiracy claim under Section 1983 requires factual allegations supporting "an agreement or 'meeting of the minds' to violate constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Franklin*, 312 F.3d at 441 (quoting *United Steelworkers of Am.*, 865 F.2d at 1541). Broad and conclusory allegations of conspiracy, on the other hand, are insufficient to state a § 1983 claim. *See Burns v. Cty. of King*, 883 F.2d 819, 821 (9th Cir. 1989). Plaintiffs are required to "state specific facts to support the existence of [a] claimed conspiracy." *Olsen v. Idaho St. Bd. of Med.*, 363 F.3d 916, 929 (9th Cir. 2004) (quoting *Burns*, 883 F.2d at 821); *Karim Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("[M]ere allegation of conspiracy without factual specificity is insufficient" to withstand a motion to dismiss.). Here, Plaintiff has simply made the conclusory statement that defendant McCay's false statements indicate that she conspired with defendant

5

1    Dominguez to retaliate against him for events that took place five months prior.  This conclusory

2    statement is insufficient to state a conspiracy claim because it does not support an agreement

3    between Defendants to retaliate against Plaintiff for exercising his First Amendment rights.  The

4    Court DISMISSES the conspiracy claim with prejudice.

5            Fourth, the amended complaint does not state a First Amendment claim for denial of

6    access to the courts.  To state a claim for violation of the right of access to the courts, the prisoner

7    must allege that there was an inadequacy in the prison's legal access program that caused him an

8    actual injury.  *See Lewis v. Casey*, 518 U.S. 343, 350-55 (1996).  With respect to a claim regarding

9    active interference by prison officials, a prisoner alleges an actual injury if, as a result of the

10   defendants' alleged actions, his pending suit was dismissed, *see Silva v. Di Vittorio*, 658 F.3d

11   1090, 1103-04 (9th Cir. 2011), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d

12   1202, 1209 n.6 (9th Cir. 2015), or "actual prejudice with respect to contemplated or existing

13   litigation, such as the inability to meet a filing deadline or to present a claim," *Lewis*, 518 U.S. at

14   348.  The amended complaint alleges that Plaintiff suffered actual injury because he cannot file a

15   federal habeas petition without accessing the documents on the CDs.  However, the CDs were

16   returned to Plaintiff's lawyer in January 2024, and Plaintiff states that he was only recently able to

17   file a federal habeas petition due to a "recent" denial in the California Supreme Court.  A review

18   of the California Supreme Court's case information system indicates that Plaintiff's petition for

19   review was denied on June 12, 2024.[1]  It is unclear how the January 2023 return of the CDs caused

20   Plaintiff actual prejudice at that time with respect to contemplated or existing litigation.  The First

21   Amendment access to the courts claim is DISMISSED with leave to amend because it appears that

---

[1] Fed. R. Evid. 201 provides that courts may take judicial notice of facts "not subject to reasonable dispute" that are either "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  A district court "may take judicial notice of proceedings in other courts, both within and without the federal judiciary system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted); *see also Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n. 2 (9th Cir. 2002).  Here, the Court takes judicial notice of the docket for Cal. Sup. Ct. C No. S276858, *In re Garcia*, which is available at https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0, and takes judicial notice of the docket entry indicating that Plaintiff's petition for review was dismissed on June 12, 2024, because the docket and docket entry for *In re Garcia* have a direct relation to the matters at issue.

1   Plaintiff might be able to correct this deficiency.  *See Lopez*, 203 F.3d at 1130.  If Plaintiff chooses

2   to replead this claim, Plaintiff should identify the contemplated or existing litigation that he was

3   pursuing at the time the CDs were returned and explain how the return of the CDs prevented him

4   meeting deadlines or prosecuting those cases.

### E.    Motion for Appointment of Counsel

Plaintiff has filed a *pro forma* request for appointment of counsel, stating that counsel is needed because he suffers from "cognitive functioning [and] mental health," which are disabilities covered under the Americans with Disabilities Act.  Dkt. No. 12.  In support of this request, Plaintiff has attached a psychological evaluation dated November 26, 2019, which concluded that Plaintiff meets criteria for Severe Attention Deficit and Hyperactivity Disorder; and for diagnoses of Moderate Specific Learning Disorder with Impairments in Mathematics, recurrent Severe Major Depressive Disorder with Mood Congruent Psychotic Features, and Posttraumatic Stress Disorder.  Dkt. No. 12 at 4-14.  There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981).  A court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Appointing counsel is within the court's discretion and is granted only in exceptional circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (referring to 28 U.S.C. § 1915(d), which was subsequently renumbered to 28 U.S.C. § 1915(e)(1)).  A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  *See id.*  At this stage of the action, it is unclear that Plaintiff will succeed on the merits as there is currently no operative complaint.  The request for appointment of counsel is therefore DENIED for lack of exceptional circumstances without prejudice to the Court *sua sponte* appointing counsel in the future should the circumstances so require.  Dkt. No. 12.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Court DENIES the request for appointment of counsel. Dkt. No. 12.

2. The Court DISMISSES with prejudice the First Amendment retaliation claim, the due process claim, and the conspiracy claim. The Court also DISMISSES defendant McCay from this action as the claims against her have been dismissed.

3. The Court DISMISSES the First Amendment access to the courts claim with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file a second amended complaint that addresses the deficiencies identified above. The second amended complaint must include the caption and civil case number used in this order, Case No. 24-01335 HSG (PR) and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010). Accordingly, Plaintiff must include in his second amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. Plaintiff may not incorporate material from the prior complaint by reference and may not replead claims that the Court has already dismissed with prejudice. Failure to file a second amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

This order terminates Dkt. No. 12.

**IT IS SO ORDERED.**

Dated: 10/3/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge