UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SCOTT, <br>     Plaintiff, <br> v. <br> SERGEANT DOMINGUEZ, <br>     Defendant. | Case No. 24-cv-01335-HSG <br><br> **ORDER OF SERVICE; DENYING REQUEST FOR EXTENSION OF STATUTORY DEADLINE** <br><br> Re: Dkt. No. 14 at 3 |

Plaintiff, an inmate currently housed at Salinas Valley State Prison has filed a *pro se* action pursuant to 42 U.S.C. § 1983. In this order, the Court screens Plaintiff's second amended complaint (Dkt. No. 14) pursuant to 28 U.S.C. § 1915A, and DENIES Plaintiff's request that the Court extend the one-year filing deadline set forth in 28 U.S.C. § 2244.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Second Amended Complaint**

The second amended complaint alleges that SVSP officer Dominguez has denied Plaintiff access to the courts as follows. On or about January 17, 2023, Plaintiff received two boxes of his pretrial discovery materials from his attorney, Simon Wollack. The boxes contained more than 2,000 pages of police reports and numerous CDs and DVDs. The CDs and DVDs contained recorded and videotaped witness interviews. Pursuant to prison policy, inmates may not receive CDs or DVDs. Defendant Dominguez confiscated the CDs and DVDs and told Plaintiff that he would mail them back to Plaintiff's attorney. However, defendant Dominguez mailed the CDs and DVDs to a James Scott in Modesto. The address for Plaintiff's attorney, Simon Wollack, is P.O. Box. 23933, Pleasant Hill, CA 94523. Plaintiff is unfamiliar with the Modesto address. Mr. Wollack never received the CDs and DVDs, and these CDs and DVDs have not been located. Plaintiff seeks to file a federal habeas petition challenging his state court conviction, which became final on June 12, 2024. However, Plaintiff cannot prepare his federal habeas petition without these CDs and DVDs. Plaintiff alleges that defendant Dominguez denied Plaintiff access to the courts, in violation of the First Amendment, when defendant Dominguez deprived Plaintiff of these CDs and DVDs. As relief, Plaintiff requests $1 million dollars, replacement of his missing legal DVDs and CDs, and "a hold on [Plaintiff's] case till this is resolved so the one year A.E.D.P.A.'s clock will stop." *See generally* Dkt. No. 14.

Liberally construed, this allegation states a First Amendment access for denial to access to

the courts. *See Lewis v. Casey*, 518 U.S. 343, 348, 350-55 (1996) (to state claim for violation of right of access to courts, prisoner must allege that active interference by prison officials caused him "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim").

The Court DENIES Plaintiff's request that the Court toll or extend the one-year deadline set forth in the AEDPA to file a federal petition for a writ of habeas corpus. Dkt. No. 14 at 3. As a general rule, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires state prisoners challenging noncapital state convictions or sentences to file these challenges within one year of the latest of the date on which the judgment became final after the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). There is no provision in AEPDA that allows courts to extend the deadlines set forth in Section 2244. *See generally* 28 U.S.C. § 2244.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The following defendant(s) shall be served: Salinas Valley State Prison correctional official sergeant J. Dominguez.

2. Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody. In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 14), this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court

a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. The Court DENIES Plaintiff's request that the Court toll or extend the one-year deadline set forth in the AEDPA to file a federal petition for a writ of habeas corpus.  Dkt. No. 14 at 3.

4. As detailed above, the operative complaint states a cognizable First Amendment claim against defendant J. Dominguez.

5. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than 91 days from the date this order is filed, Defendant(s) must file and serve a motion for summary judgment or other dispositive motion.  If Defendant(s) is(are) of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due.  A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant(s) no later than 28 days from the date the motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment

---

[1] If Defendant(s) assert(s) that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant(s) must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

4

1  provided later in this order as he prepares his opposition to any motion for summary judgment.
2  Defendant(s) shall file a reply brief no later than 14 days after the date the opposition is filed. The
3  motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on
4  the motion.

5      6.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the
6  Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must
7  do in order to oppose a motion for summary judgment. Generally, summary judgment must be
8  granted when there is no genuine issue of material fact – that is, if there is no real dispute about
9  any fact that would affect the result of your case, the party who asked for summary judgment is
10 entitled to judgment as a matter of law, which will end your case. When a party you are suing
11 makes a motion for summary judgment that is properly supported by declarations (or other sworn
12 testimony), you cannot simply rely on what your complaint says. Instead, you must set out
13 specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
14 as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and
15 documents and show that there is a genuine issue of material fact for trial. If you do not submit
16 your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
17 If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v.*
18 *Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does
19 not excuse Defendants' obligation to serve said notice again concurrently with a motion for
20 summary judgment. *Woods*, 684 F.3d at 939).

21     7.     All communications by Plaintiff with the Court must be served on Defendants'
22 counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard
23 any document which a party files but fails to send a copy of to his opponent. Until Defendants'
24 counsel has been designated, Plaintiff may mail a true copy of the document directly to
25 Defendants but once Defendants are represented by counsel, all documents must be mailed to
26 counsel rather than directly to Defendants.

27     8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
28 No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required

before the parties may conduct discovery.

9. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

10. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 11/21/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge