1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7    JAMES SCOTT,                          Case No. 24-cv-01335-HSG
8                    Plaintiff,            **ORDER DENYING REQUEST TO
9           v.                            STAY DISCOVERY**
10   SERGEANT DOMINQUEZ,                   Re: Dkt. No. 26
11                   Defendant.
12
13          Plaintiff, a prisoner currently housed at Salinas Valley State Prison ("SVSP"), has filed a
14   *pro se* action pursuant to 42 U.S.C. § 1983.  For the reasons set forth below, the Court DENIES
15   Defendant's request to stay discovery pending resolution of his summary judgment motion.  Dkt.
16   No. 26.
17                                      **DISCUSSION**
18   **I.      Background**
19          Plaintiff alleges that SVSP sergeant Dominguez denied him his First Amendment right to
20   access the courts when, on or about January 17, 2023, Plaintiff received CDs and DVDs
21   containing pretrial discovery materials, and defendant Dominguez sent these CDs and DVDs to an
22   address in Modesto per prison policy that prohibits inmates from possessing CDs and DVDs in
23   prison.  Plaintiff alleges that these CDs and DVDs contain exculpatory evidence which was not
24   presented at trial; he had requested that the CDs and DVDs be sent to his attorney, not the
25   Modesto address; the CDs and DVDs have not been located; he cannot prepare a federal habeas
26   petition without these CDs and DVDs; and his deadline for filing the federal habeas petition is
27   June 12, 2025.  *See generally* Dkt. Nos. 14, 15.
28          On June 11, 2025, defendant Dominguez filed a summary judgment motion, arguing that

United States District Court
Northern District of California

United States District Court
Northern District of California

1  he is entitled to summary judgment for the following reasons.  First, defendant Dominguez argues

2  that Plaintiff did not suffer an actual injury because Plaintiff cannot file a federal habeas petition

3  raising claims arising out of these CDs and DVDs – either a claim of innocence or a claim of

4  ineffective assistance of trial counsel for failing to present this evidence at trial – because he has

5  not yet exhausted state court remedies for these claims.  Second, defendant Dominguez argues that

6  Plaintiff does not allege there was some systemic shortcoming in SVSP's legal access program

7  and Plaintiff admits that he can access the prison law library's resources on filing habeas petitions.

8  Third, defendant Dominguez argues that he did not cause Plaintiff's alleged injury because, per

9  prison policy, Plaintiff would not have had access to his contraband CDs regardless of defendant

10 Dominguez's actions.  Fourth, defendant Dominguez argues that he is entitled to qualified

11 immunity.  *See generally* Dkt. No. 25.

12         Both parties have conducted discovery in this case.  On March 24, 2025, Plaintiff served

13 Defendant with a request for production of documents ("RFP"), which Defendant responded to on

14 April 11, 2025.  On April 17, 2025, defense counsel deposed Plaintiff.  *Id.*  On May 6, 2025,

15 defense counsel received a letter from Plaintiff, which counsel understood to be a meet and confer

16 regarding his prior RFP.  On May 19, 2025, Defendant responded to the meet and confer letter,

17 informing Plaintiff that his responses were unchanged.  On June 23, 2025, defense counsel

18 received from Plaintiff a second set of RFPs and a set of interrogatories.  Dkt. No. 26 at 3-4.

19 **II.     Request to Stay Discovery (Dkt. No. 26)**

20         Defendant Dominguez requests that the Court stay discovery in this case pending a ruling

21 on his summary judgment motion because the motion will potentially dispose of the entire case,

22 the Court does not require additional information to decide the pending motion, and it would be a

23 needless expenditure of resources if Defendant were required to respond to discovery requests and

24 the summary judgment motion is ultimately granted. Defendant Dominguez argues that if the

25 Court denies the summary judgment motion, discovery can begin after the Court issues a

26 scheduling order and sets a new briefing schedule.  *See generally* Dkt. No. 26.

27         District courts may exercise "wide discretion in controlling discovery."  *Little v. City of*

28 *Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  Fed. R. Civ. P. 26(c)(1) provides that where a party

United States District Court
Northern District of California

1    demonstrates "good cause," the Court may issue an order limiting discovery in order to "protect a

2    party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed.

3    R. Civ. P. 26(c).  The Federal Rules of Civil Procedure do not provide for automatic or blanket

4    stays of discovery when a potentially dispositive motion is pending, and the notion that all

5    discovery should be stayed because a potentially dispositive motion is pending "is directly at odds

6    with the need for expeditious resolution of litigation."  *Skellerup Indus. Ltd. v. City of L.A.*, 163

7    F.R.D. 598, 600–01 (C.D. Cal. 1995).  Accordingly, the existence of a pending dispositive motion

8    and the fact that discovery may involve inconvenience and expense ordinarily does not compel a

9    blanket stay of discovery.  *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D.

10   Nev. 1997) (motion to dismiss).  Rather, the question is whether allowing discovery would cause

11   Defendant annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P.

12   26(c).

13           The Court DENIES Defendant's request to stay discovery as Defendant has not shown

14   good cause for a complete stay of discovery.  Here, Defendant seeks a complete stay of discovery

15   because his pending summary judgment motion may resolve this case and states conclusorily that

16   responding to discovery would be a "needless expenditure of resources."  However, the fact that a

17   dispositive motion may dispose of the entire case is insufficient, by itself, to justify a complete

18   stay of discovery.  *Skellerup Indus. Ltd.*, 163 F.R.D. at 600-01.  Defendant has not demonstrated

19   that Plaintiff's discovery requests have caused him annoyance, embarrassment, oppression, or

20   undue burden or expense.  It appears that Defendant may not have produced any documents in

21   response to Plaintiff's first set of RFPs, as Plaintiff has sought to meet and confer regarding

22   Defendant's response; and it is unclear whether responding to the currently pending set of

23   discovery requests would pose any "undue" burden or expense.

24   //

25   //

26   //

27   //

28   //

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's request for a stay of discovery pending resolution of his summary judgment motion.  Dkt. No. 26.

This order terminates Dkt. No. 26.

**IT IS SO ORDERED.**

Dated:    7/17/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge